# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

ANTHONY DAUNT,

    *Plaintiff*,

v.

JOCELYN BENSON, in her official capacity as Michigan Secretary of State; JONATHAN BRATER, in his official capacity as Director of the Michigan Bureau of Elections; SHERYL GUY, in her official capacity as Antrim County Clerk; DAWN OLNEY, in her official capacity as Benzie County Clerk; CHERYL POTTER BROWE, in her official capacity as Charlevoix County Clerk; KAREN BREWSTER, in her official capacity as Cheboygan County Clerk; SUZANNE KANINE, in her official capacity as Emmet County Clerk; BONNIE SCHEELE, in her official capacity as Grand Traverse County Clerk; NANCY HUEBEL, in her official capacity as Iosco County Clerk; DEBORAH HILL, in her official capacity as Kalkaska County Clerk; JULIE A. CARLSON, in her official capacity as Keweenaw County Clerk; MICHELLE L. CROCKER, in her official capacity as Leelanau County Clerk; ELIZABETH HUNDLEY, in her official capacity as Livingston County Clerk; LORI JOHNSON, in her official capacity as Mackinac County Clerk; LISA BROWN, in her official capacity as Oakland County Clerk; SUSAN I. DEFEYTER, in her official capacity as Otsego County Clerk; MICHELLE STEVENSON, in her official capacity as Roscommon County Clerk; and LAWRENCE KESTENBAUM, in his official capacity as Washtenaw County Clerk,

    *Defendants*.

Case No. 1:20-cv-522

## **PROPOSED INTERVENORS A. PHILIP RANDOLPH INSTITUTE AND RISE INC.'S BRIEF IN SUPPORT OF MOTION TO INTERVENE**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   PROCEDURAL BACKGROUND ..................................................................................... 2

III.  ARGUMENT ....................................................................................................................... 2

    A.   This Court should grant the motion to intervene as of right. ......................................... 2

        1.   The motion to intervene is timely. ................................................................................ 3

        2.   Proposed Intervenors have a strong interest in this action. .......................................... 4

        3.   Disposition of this matter would impair Intervenors' ability to protect their interest as a practical matter. ............................................................................................................ 5

        4.   Intervenors' interests may not be adequately represented by the existing parties ........... 6

    B.   Intervenors are also entitled to permissive intervention................................................. 7

IV.   CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Buck v. Gordon*,
   959 F.3d 219 (6th Cir. 2020) ..................................................................................7

*Coal. to Def. Affirmative Action v. Granholm*,
   501 F.3d 775 (6th Cir. 2007) ..................................................................................2

*Grutter v. Bollinger*,
   188 F.3d 394 (6th Cir. 1999) ...............................................................................3, 6

*Johnson v. City of Memphis*,
   73 F. App'x 123 (6th Cir. 2003) ............................................................................3

*Mich. State AFL–CIO v. Miller*,
   103 F.3d 1240 (6th Cir. 1997) ........................................................................2, 5, 6

*Nat. Res. Def. Council v. Costle*,
   561 F.2d 904 (D.C. Cir. 1977) ...............................................................................6

*Purnell v. City of Akron*,
   925 F.2d 941 (6th Cir. 1991) ..............................................................................4, 5

*United States v. City of Detroit*,
   712 F.3d 925 (6th Cir. 2013) ..................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24(b)(1)(B), (3)...................................................................................7

Federal Rule of Civil Procedure 24 ............................................................................1

Federal Rule of Civil Procedure 24(a) .......................................................................2

Federal Rule of Civil Procedure 24(a)(2) ...............................................................1, 6

Federal Rule of Civil Procedure 24(b) .......................................................................1

Federal Rule of Civil Procedure 24(c) .......................................................................1

I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenors A. Philip Randolph Institute – Detroit/Downriver ("APRI") and Rise, Inc. ("Rise") (collectively, "Proposed Intervenors") move to intervene as Defendants in the above-titled action.

Proposed Intervenors consist of two organizations who represent, in the case of APRI, People of Color and community activists and, for Rise, students and young voters. Both organizations engage in significant voter registration efforts in Michigan. In this litigation, Plaintiff seeks, now less than two months before a general election, to force the state of Michigan to engage in a purge of its voter rolls to purportedly remove ineligible voters. Proposed Intervenors have engaged in substantial efforts to increase voter registration in Michigan and are rightly concerned that any contemplated plan to remove registrations from the voter rolls in Michigan will inevitably sweep up legitimate voters. Academic research shows that among the voters most likely to be adversely affected by these errors are minority and student voters, the precise constituencies whose participation in the electoral process Proposed Intervenors look to increase. This will both burden the voting rights of Proposed Intervenors' membership and cause Proposed Intervenors to devote significant additional resources to re-registering voters who are wrongfully removed.

Plaintiff's attempt to require Defendants Michigan Secretary of State Jocelyn Benson, Director of Michigan Bureau of Elections Jonathan Brater, and 16 County Clerks throughout Michigan (collectively, "Defendants") to engage in a purge of their registration lists less than two months before a general election thus poses a clear and direct threat to Proposed Intervenors' legal interests and the constitutional rights of their members, concerns which Defendants do not adequately represent. Thus, Proposed Intervenors are entitled to intervene in this case as a matter of right under Rule 24(a)(2). Proposed Intervenors should also be granted permissive intervention

pursuant to Rule 24(b). In accordance with Rule 24(c), a proposed Motion to Dismiss is attached as Exhibit A.

## II.  PROCEDURAL BACKGROUND

On June 9, 2020, Plaintiff filed this action, naming the Secretary of State of Michigan, the Director of the Michigan Bureau of Elections, and 16 different county clerks. ECF No. 1 at 1. Plaintiff does not allege that he is a resident of any of these counties, but broadly alleges that he is a Michigan voter, that these counties have inaccurate voter rolls, and that his fears about election integrity due to these inaccurate voter rolls burden his right to vote and cause him to spend time and resources. *Id*. ¶¶ 9-11. On July 13, 2020, the Court granted the parties' joint stipulation extending until August 31, 2020 the time for Defendants Secretary of State Jocelyn Benson (the "Secretary") and Director of the Michigan Bureau of Elections Jonathan Brater (the "Director of Elections") to respond to Plaintiff's complaint. ECF No. 12 at 2. On August 28 and September 1, the Court granted additional stipulations, making the response from the Secretary and the Director of Elections due September 14, ECF No. 18 at 2, and the response from the 16 county clerks due September 30. ECF No. 15 at 2. Neither response has yet been filed.

## III.  ARGUMENT

### A.  This Court should grant the motion to intervene as of right.

The Court should grant Proposed Intervenors' motion to intervene. In order to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), a proposed party must demonstrate four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). This rule "should be 'broadly construed in favor of potential intervenors.'" *Coal. to Def. Affirmative Action v.*

2

*Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)). Proposed Intervenors easily satisfy these four elements here and should be granted intervention as of right.

### 1. The motion to intervene is timely.

Proposed Intervenors have sought intervention at the earliest stages of this action and their intervention will not delay the parties in any way, making their motion for intervention timely. A court should determine timeliness "from all the circumstances," including (1) the point to which the suit has progressed, (2) the purpose for which intervention is sought, (3) the length of time during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene; and (5) the existence of unusual circumstances. *United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013). Because Proposed Intervenors seek to intervene in the very earliest stage of the lawsuit, when almost no "steps" have "occurred along the litigation continuum," *Johnson v. City of Memphis*, 73 F. App'x 123, 132 (6th Cir. 2003), their motion is timely. *Id*.

Plaintiff filed his complaint on June 9, 2020. This Motion is the first substantive filing since that time, entered prior to the filing of any substantive motions or hearings in this matter. Indeed, the original parties sought and received a stipulated order extending the time for Defendants to file the "first responsive pleading," to August 31, 2020, ECF No. 12 at 2, and subsequently stipulated to the Secretary and Director of Elections filing their response on September 14, ECF No. 18 at 2, and the 16 county clerks filing their response on September 30, ECF No. 15 at 2. Neither of those pleadings have yet been filed. Given the timing of these proceedings, the parties could not seriously suggest that they are prejudiced by Applicant's promptness, as virtually no, much less "extensive," litigation has occurred. *Johnson*, 73 F. App'x at 132. There are likewise no unusual circumstances

3

here; Proposed Intervenor simply seeks to intervene to protect rights and interests threatened by this action. Under these circumstances, the Court should find the Motion timely.

### 2. Proposed Intervenors have a strong interest in this action.

Proposed Intervenors have a strong interest in this action. The Sixth Circuit has adopted "a 'rather expansive notion of the interest sufficient to invoke intervention of right,'" *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999), and here both Proposed Intervenors have an interest sufficiently strong to give them Article III standing. This easily surmounts the Sixth Circuit's low bar. *See Purnell*, 925 F.2d at 948 (noting the interest necessary for intervention need not even be strong enough to grant Article III standing).

Proposed Intervenor APRI is a local chapter of the A. Philip Randolph Institute, a national organization for People of Color and community activists that was established in 1965 to forge an alliance between the civil rights and labor movements. While APRI devotes considerable time and resources to efforts supporting charitable ventures, such as feeding the hungry and providing clothing to those in need, the bulk of APRI's work is focused on voter education, registration, and outreach efforts. APRI's voter-registration efforts focus on underserved communities and geographies where a high number of unregistered individuals reside.

Proposed Intervenor Rise is a student-led 501(c)(4) nonprofit organization that runs statewide advocacy and voter mobilization programs in Michigan, Pennsylvania, Wisconsin, Georgia and California, as well as on a number of campuses nationwide. Rise's mission is to fight for free public higher education and to increase voting access for college students. To further its goal of expanding students' access to the franchise in Michigan, Rise operates volunteer networks across the State at 13 university and community college campuses. Rise's student organizers and volunteers are currently engaged in grassroots voter registration, education, and turnout activities

4

in Michigan. To date, Rise programs have helped more than 6,000 college students and young voters make plans to vote in November through an estimated 20,000 one-on-one conversations with young voters. According to data from TargetSmart, the modal age of voters Rise reaches is 19 years old. Since the vast majority of voters Rise reaches are first-time or infrequent voters, the voters Rise reaches are most likely to be affected by attempts to purge the roles.

Should Plaintiff prevail, any list maintenance program (even the best-run one) will result in the erroneous removal of properly registered individuals, and academic research has made clear that among the individuals most likely to be erroneously removed are minority voters and students. *See, e.g.*, Kevin Morris, et al., *Purges: A Growing Threat to the Right to Vote*, Brennan Center for Justice, (July 20, 2018) at 7, https://www.brennancenter.org/our-work/research-reports/purges-growing-threat-right-vote. These are precisely the individuals Proposed Intervenors makes efforts to register and those who are among Proposed Intervenors' membership. Proposed Intervenors will be forced to divert resources to voter registration and away from other mission-critical efforts to re-registering voters who were erroneously removed. Further, Proposed Intervenors' members are at risk of being incorrectly purged or having to go through a burdensome confirmation process to confirm their correct voter registration. Both the drain on Proposed Intervenors' resources and the burdens on their members provide sufficient interests for intervention here.

      **3.**      **Disposition of this matter would impair Intervenors' ability to protect their interest as a practical matter.**

Proposed Intervenors easily satisfy the minimal burden required to demonstrate the third element of intervention as of right, that disposition of this matter may impair their ability to protect their interest. *See Mich. State AFL-CIO*, 103 F.3d at 1247. To satisfy this prong, an intervenor need not demonstrate that its interest will be impaired, but instead need only demonstrate that impairment of its interest is *possible*. *Purnell*, 925 F.2d at 948. Here, any judgment for Plaintiff

5

may result in an attempt to implement further forms of list management to remove ineligible voters from the rolls, a process that inevitably sweeps up legitimate voters in its wake, and those legitimate voters most likely to be swept up include minority voters and students. *See, e.g.*, Morris, et al., *supra*. There can be no doubt that disposition of this matter has the potential to impair Proposed Intervenors' ability to protect their interests.

Further, the fact that Proposed Intervenors might be able to bring subsequent litigation regarding any problematic list management program does not weigh against this prong. When considering this factor, courts "look[] to the 'practical consequences' of denying intervention," recognizing that even if the party seeking to intervene may vindicate its interests in some later litigation, that is not a sufficient basis to deny intervention under Rule 24(a)(2). *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977). Here, even if later litigation is an option, the practical consequences of denying intervention would involve Proposed Intervenors having to bring an action to challenge the inaccurate removal of correctly registered voters, voters who (given the rapidly approaching November election) will likely have already been disenfranchised or at the very least had their right to vote unconstitutionally burdened. The only way for Proposed Intervenors to guard against this irreparable harm and protect their interests is intervention in this matter.

### 4. Intervenors' interests may not be adequately represented by the existing parties.

Proposed Intervenors also surmount the fourth requirement for intervention as of right, as the current parties "may not adequately represent" their interests. *Grutter*, 188 F.3d at 398. As with impairment, here Proposed Intervenors need only make a minimal showing that their interests may not be adequately represented. *Miller*, 103 F.3d at 1247.

Defendants are the Secretary, the Director of Elections, and 16 county clerks, who are

responsible for NVRA list maintenance at the state and local level, Comp. ¶¶ 12-29, but they do not represent Proposed Intervenors' interests in protecting the right to vote of their members and ensuring that an improper maintenance program does not drain Proposed Intervenors' resources. Defendants may face "internal and external institutional pressures" to downplay concerns about their own abilities to conduct a list maintenance program that does not result in disenfranchisement, and are at significantly "less risk of harm" than Proposed Intervenors if they lose this case. *Grutter*, 188 F.3d at 400. Defendants' stake in this lawsuit is defined solely by their statutory duties to comply with the NVRA and maintain accurate voter lists, while Proposed Intervenors are concerned with ensuring that their members not lose the right to vote. Indeed, as the litigation progresses, Defendants may have the incentive to agree to some form of list management program to settle this litigation and would not necessarily have the same incentives as Proposed Intervenors to highlight and raise potential flaws in any such settlement. Because there is no one currently in this litigation who precisely represents those concerns, Proposed Intervenors' interests are not adequately represented.

### B. Intervenors are also entitled to permissive intervention.

In addition to intervention as of right, Proposed Intervenors are entitled to permissive intervention in this litigation. In order to be entitled to permissive intervention, proposed intervenors must demonstrate that their motion is timely, their defenses shares the same questions of law and fact as are currently before this Court, and their intervention will not unduly delay or prejudice the adjudication of the existing parties to this action. *See Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020); Fed. R. Civ. P. 24(b)(1)(B), (3).

Proposed Intervenors easily meet the requirements of permissive intervention. First, Proposed Intervenors and Defendants will inevitably raise common questions of law and fact in

defending this lawsuit and the current list management process, including questions involving the standing of Plaintiff' to bring this lawsuit as well as the adequacy of Plaintiff's pleadings. Second, for the reasons set forth above, Proposed Intervenors' Motion is timely, and, given the early stage of this litigation, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. To the contrary, Proposed Intervenors are prepared to proceed in accordance the Court's current schedule, and their intervention will only serve to contribute to the full development of the factual and legal issues before the Court.

## IV.   CONCLUSION

For the reasons stated herein, Proposed Intervenors are entitled to intervention as of right and permissive intervention.

Dated: September 11, 2020.                               Respectfully submitted,

/s/ Sarah S. Prescott

Sarah S. Prescott, Bar No. 70510
SALVATORE PRESCOTT &
PORTER, PLLC
105 E. Main Street
Northville, MI 48168

Marc E. Elias*
John M. Geise*
Emily Brailey*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
jgeise@perkinscoie.com
ebrailey@perkinscoie.com

Kevin J. Hamilton*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

8

Telephone: (206) 359-8000
Facsimile: (206) 359-9000
khamilton@perkinscoie.com

*Counsel for the Intervenor-Defendants*

*\*Motions for Admission Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Sarah S. Prescott  
Counsel for Proposed Intervenors