UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY DAUNT,

            Plaintiff,

                                            CASE NO. 1:20-CV-522

v.
                                            HON. ROBERT J. JONKER

JOCELYN BENSON, in her official
capacity as Michigan Secretary of State,
*et al.*,

            Defendants.

_____/

## **ORDER**

      Plaintiff alleges that Michigan's Secretary of State and Director of the Bureau of Elections failed to discharge their obligations under the National Voter Registration Act to police the accuracy of voter registration rolls in various Michigan counties.[1] The First Amended Complaint is due not later than September 30, 2020. (ECF No. 28.) Defendants filed a motion to dismiss that is still being briefed.  Meanwhile, multiple private groups have filed motions seeking leave to intervene as defendants, either as of right or on a permissive basis. Plaintiff opposes intervention at this time, arguing that the intervenors have, at most, an interest to protect if—and only if—the Court finds the defendants in violation of federal law. According to Plaintiff, any intervention should wait at least until the Court determines that there is a violation of federal law to remedy.

_____

[1] A number of County Clerks were originally named in the case, too, but Plaintiff has agreed to file a First Amended Complaint dismissing them. (ECF No. 27.)

The Court is satisfied that the moving parties have established a basis for permissive intervention under Rule 24(b).[2] The Court must consider the timeliness of a request for intervention, whether the intervenors have a claim or defense that shares a common question of fact or law with the main action and whether considerations of undue delay or prejudice weigh against intervention. *See Buck v. Gordon*, 959 F.3d 219 (6th Cir. 2020); *Mich. State AFL-CIO v. Miller*, 103 F.3d 140 (6th Cir. 1997). The requests to intervene are obviously timely: there has not even been a Rule 16 yet, and a defense motion to dismiss is still being briefed. Moreover, there are overlapping issues of fact and law, including the fundamental question of whether defendants have failed to discharge their statutory duties.

Nor does the Court see significant risk of undue prejudice or delay. It may be, as plaintiff asserts, that the intervenors' most significant interests will emerge only if and when this case gets to a remedial stage. But at least part of the intervenors' interest is in preventing the case from ever getting that far by demonstrating that there has been no statutory violation at all. Among other things, that would limit the risk of chilling or escalating the costs of voter registration drives the intervenors see as part of their mission. Furthermore, even though the intervenors and the defendants appear currently aligned, that does not preclude intervention. *Buck*, 959 F.3d at 225. Moreover, present alignment does not guarantee future disagreement.

Accordingly, the motions to intervene, ECF Nos. 19, 25, are **GRANTED** under Rule 24(b). Each intervenor shall file their initial response to the anticipated First Amended Complaint within the time permitted by Rule 15(a)(3).

Dated:   September 28, 2020          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This makes it unnecessary to address intervention as of right under Rule 24(a).