# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANTHONY DAUNT, *Plaintiff*, <br><br> v. <br><br> JOCELYN BENSON, in her official capacity as Michigan Secretary of State, et al., *Defendants*. | Case No. 1:20-cv-00522-RJJ-RSK <br><br> **Plaintiff's Response to Defendants' Motion to Dismiss** |

Per this Court's instructions, ECF No. 28, Plaintiff filed an amended complaint earlier today. That "amended complaint supersedes [the] earlier complaint for all purposes" and, thus, moots Defendants' pending motion to dismiss. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013). While this Court also instructed Plaintiff to file a response to that motion, ECF No. 28, the Court anticipated that the amended complaint would change the landscape; after all, the Court instructed Intervenors to "file their initial response to the anticipated First Amended Complaint within the time permitted by Rule 15(a)(3)," instead of filing their proposed responses to the original complaint. ECF No. 30 at 2. The Court was correct. If Defendants still want this case dismissed, they should file a new motion directed at the amended complaint. The Court should deny their pending motion to dismiss as moot.[*]

---

[*] If the Court disagrees, Plaintiff respectfully requests an extension that makes his response to Defendants' pending motion due the same time as his response to Intervenors' anticipated motion(s).

\* \* \*

In this Court, "[t]he filing of an amended complaint ... replaces the original, rendering it null and void." *ITW Food Equip. Grp. LLC v. Walker*, No. 1:12-cv-119, 2012 WL 12941121, at \*1 (W.D. Mich. May 2, 2012). And "[o]nce an original complaint ... is superseded, 'any motion to dismiss such claims is moot.'" *Id.*; *see also Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint super[s]edes the original complaint, thus making the motion to dismiss the original complaint moot." (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000))); *Essroc Cement Corp. v. CPRIN, Inc.*, No. 1:08-cv-974, 2009 WL 129809, at \*2 (W.D. Mich. Jan. 20, 2009) (same); *ABB, Inc. v. Reed City Power Line Supply Co.*, No. 1:07-cv-420, 2007 WL 2713731, at \*1 (W.D. Mich. Sept. 18, 2007) (same). So too here.

While some courts have stated that an amended complaint "may not moot a motion to dismiss" when it is "substantially identical to the original complaint," any such exception would not apply here because Plaintiff's amended complaint "specifically addresses the issues raised in Defendant[s'] motion to dismiss." *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 09-cv-799, 2010 WL 1908252, at \*2 (S.D. Ohio Mar. 29, 2010). Defendants' motion to dismiss primarily argues that Plaintiff failed to adequately allege that Michigan's deficient list-maintenance practices risked vote dilution. *See* ECF No. 22 at 14-24. While the initial complaint was already sufficient on this point, the amended complaint adds dozens more allegations—including the evidence from the August primary about the disastrous state of Michigan's voter rolls. Defendants' motion

also argues that Plaintiff cannot obtain a preliminary injunction less than 90 days before the next election. *See id.* at 23-24. Setting aside that a motion to dismiss must be directed at *claims*, not particular requests for relief, *Doe v. DOJ*, 753 F.2d 1092, 1104 (D.C. Cir. 1985), Plaintiff's amended complaint moots this issue by removing the request for a preliminary injunction. Finally, Defendants' motion argues that Plaintiff's pre-suit notice letter was deficient. *See* ECF No. 22 at 12-14. The amended complaint attaches the letter to show why that's not true.

One final point about the presuit notice. Defendants cite cases where the plaintiff provided *no* notice to argue that courts can dismiss cases if the notice is not "specific enough." ECF 22 at 12 (citing *Scott v. Schedler*, 771 F.3d 831, 835 (5th Cir. 2014); *Ga. State Conference of NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1335 (N.D. Ga. 2012)). That is not the law. The Sixth Circuit applies the notice requirement flexibly "with regard to [its] purpose" of "provid[ing] states in violation of the Act an opportunity to attempt compliance before facing litigation." *ACORN v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997). The notice need only sketch out the alleged violation "in the broadest sense"; it need not "identify the specific persons aggrieved," "the factual bases for the violations," or "the individual offices where the violations allegedly occurred." *Delgado v. Galvin*, 2014 WL 1004108, at *5-6 (D. Mass. Mar. 14, 2014) (quoting *Ga. State Conference of NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1334 (N.D. Ga. 2012); and *Ferrand v. Schedler*, 2011 WL 3268700, at *6 (E.D. La. July 21, 2011)).

Here, Plaintiff's pre-suit notice explains—in detail—who he is, what provision of the NVRA Defendants violated, what evidence supports that allegation, and what Defendants could do to avoid litigation. Plaintiff's letter "provide[d] 'more than enough notice that a complete review of [Defendants'] practices was needed.'" *Action NC v. Strach*, 216 F. Supp. 3d 597, 620 (M.D.N.C. 2016). Courts have held that similar letters easily satisfy the NVRA's notice requirement. *See, e.g.*, *Judicial Watch, Inc. v. King*, 993 F. Supp. 2d 919, 922 & n.2 (S.D. Ind. 2012); *Am. Civil Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 795 (W.D. Tex. 2015); *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1362-63 (S.D. Fla. 2016); *Kemp*, 841 F. Supp. 2d at 1334; *Ferrand*, 2011 WL 3268700, at *6.

\*   \*   \*

In light of Plaintiff's amended complaint, Defendants' motion to dismiss should be denied as moot.

Dated: September 30, 2020                    Respectfully submitted,

/s/ *Cameron T. Norris*
William S. Consovoy
Cameron T. Norris
Tiffany H. Bates
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Jason Torchinsky
HOLTZMAN VOGEL
   JOSEFIAK TORCHINSKY PLLC
45 North Hill Drive, Ste. 100
Warrenton, VA 20186
(540) 341-8800

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I filed this response with the Court via ECF, which will notify everyone requiring notice.

Dated: September 30, 2020                    /s/ *Cameron T. Norris*
                                             Counsel for Plaintiff