# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

ANTHONY DAUNT,

*Plaintiff*,

v.

JOCELYN BENSON, in her official capacity as Michigan Secretary of State, et al.,

*Defendants*.

Case No. 1:20-cv-00522-RJJ-RSK

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for October 27, 2020 at 4:00 p.m., before the Hon. Robert. J. Jonker. Appearing for the parties as counsel will be:

For Plaintiff: Cameron T. Norris

For Defendants: Elizabeth R. Husa Briggs

For Intervenors: Emily Brailey (for Rise & A. Philip Randolph Institute); George B. Donnini (for League of Women Voters)

All parties respectfully ask for the conference to be held remotely. Plaintiff believes the scheduling conference should occur as scheduled. Defendants and the LWV Intervenors believe the scheduling conference should be adjourned until after the Court decides the pending motions to dismiss. The APRI/Rise Intervenors stand ready to appear at a scheduling conference if scheduled by the Court.

1. **Jurisdiction:**

**Plaintiff:** The Court has subject-matter jurisdiction because this case alleges violations of the NVRA. 28 U.S.C. §1331.

**Defendants**:  As explained in Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on October 14, 2020 (Doc. 37), and in the Brief filed in support thereof (Doc. 38), the allegations in Plaintiff's amended complaint  -- even if true – fail to demonstrate that Plaintiff has standing to invoke this Court's Article III jurisdiction. Defendants maintain that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of standing, and also under Fed. R. Civ. P. 12(b)(6) for failure to state a cognizable claim for relief on the basis of alleged vote dissolution.

**Rise and APRI Intervenor-Defendants**: Rise and APRI Intervenors agree with Defendants' statement of the jurisdiction of this matter.

2. **Jury or Non-Jury:** This case is to be tried before the court as trier of law and fact.

3. **Judicial Availability:** The parties do not agree to have a United State Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:**

**Plaintiff**: Congress enacted the NVRA "to protect the integrity of the electoral process." 52 U.S.C. §20501(b)(3). Section 8 obligates States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" due to death or change of residence. 52 U.S.C. §20507(a)(4). Plaintiff alleges that Michigan, under Defendants' leadership, is falling short of its federally mandated duty to maintain accurate voter rolls.

**Defendants**: This case should be dismissed as a matter of law. The reasons for this are detailed in Defendants' October 14, 2020 Motion to Dismiss (Doc. 37) and supporting Brief (Doc. 38). In brief, Plaintiff's February 26, 2020 Letter is not sufficient to satisfy the NVRA's requirements for a private cause of action to enforce this law. Moreover, the allegations in the complaint, even as amended, are insufficient to demonstrate Plaintiff has standing to invoke this Court's Article III jurisdiction. The allegations in the complaint, as amended, do not demonstrate a direct and palpable injury-in-fact fairly traceable to either Defendant's conduct, or which could be redressed by a favorable decision from this Court. For this reason, Defendants maintain that dismissal is necessary under Fed. R. Civ. P. 12(b)(1). In addition, Defendants maintain that dismissal is necessary under Fed. R. Civ. P. 12(b)(6) because the allegations in the complaint are insufficient to seek relief based on the theory of vote dilution, as Plaintiff claims. Discovery efforts should be stayed until a decision is rendered on the pending motions to dismiss, as a ruling in Defendants' favor will result in dismissal of this case in its entirety.

With respect to the merits, Michigan law and policy complies with the NVRA's requirement that the State have a general program for maintaining the qualified voter files and carrying out list maintenance responsibilities related to the same. The allegations in Plaintiff's complaint, as amended, even if true do not identify any policy, procedure or practice carried out in Michigan which violates this federal law. Plaintiff relies largely on allegedly high percentages of registered voters, and returned absentee

ballot applications. Neither is sufficient to demonstrate a violation of the NVRA as Plaintiff claims.

**Rise and APRI Intervenor-Defendants**: As Intervenors detailed in their motion to dismiss (Doc. 34), this case should be dismissed as a matter of law for numerous reasons. First, Plaintiff can meet none of the three requirements for Article III standing as he can show neither a concrete, non-speculative injury, nor traceability, nor redressability. This requires dismissal under Fed R. Civ. P. 12(b)(1). Moreover, even if the vote dilution he complaints of were an Article III injury, his complaint fails to state a claim for which relief can be granted. This requires dismissal of his complaint under Fed. R. Civ. P. 12(b)(6). Intervenors agree with Defendants that discovery should be stayed until a decision is rendered on the pending motions to dismiss because these motions have the potential to result in dismissal of this case in its entirety.

**League of Women Voters Intervenor-Defendants**: Plaintiff Anthony Daunt relies on faulty data analysis to claim that Defendants are in violation of Section 8 of the NVRA, based on allegations that certain counties in Michigan have high voter registration rates and on unfounded concerns of potential voter fraud. Plaintiff ignores that the foremost statutory purpose of the NVRA, which its text and legislative history confirm, was to "increase" voter registration and "enhance[]" participation. 52 U.S.C. § 20501(b). Instead, Plaintiff distorts the NVRA by focusing exclusively on a single provision and claiming that Defendants' purported failure to remove allegedly ineligible voters threatens the integrity of elections. Plaintiff seeks to rewrite the NVRA's

carefully crafted balance between protecting voters from abusive purges and keeping accurate and current voter rolls by asking this Court to compel more aggressive list maintenance measures that would threaten to remove qualified voters from the rolls, and would undermine this voting rights statute's fundamental objectives.

5. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by November 16, 2020.

6. **Disclosures and Exchanges:**

   (i)   Fed.R.Civ.P. 26(a)(1) disclosures: The parties propose exchanging initial disclosures, if needed, within 30 days of the date either this Court issues its order on the pending motions to dismiss or, in the event an appeal is filed by any party, within 30 days after the mandate returns with respect to that appeal from the Sixth Circuit—whichever is later.

   (ii)  Fed.R.Civ.P. 26(a)(2) disclosures: The parties propose furnishing the names of affirmative expert witnesses within the later of 60 days of the date this Court issues its order on the pending motions to dismiss or, in the event an appeal is filed by any party, within 30 days after the mandate returns with respect to that appeal from the Sixth Circuit. The parties propose furnishing the names of rebuttal expert witnesses within 30 days thereafter.

   (iii) Fed.R.Civ.P. 26(a)(3) disclosures: The parties propose exchanging pretrial disclosures at least 30 days before the start of trial.

(iv)  The parties have agreed to make available the following documents without the need of a formal request for production:

The parties are unable to agree on voluntary production at this time.

(v)  Initial Disclosure of potential lay witnesses: The parties propose disclosing any lay witnesses at least 45 days before the start of trial.

7. **Discovery:** The parties believe that if this case proceeds to discovery, all discovery proceedings can be completed by the latter of: (1) June 1, 2021; (2) six months after the date on which this Court enters its order on the pending motions to dismiss; or (3) in the event any party files an appeal of the Court's order on the pending motions to dismiss, within sixth months after the mandate returns from the Sixth Circuit with respect to such appeal. The parties recommend the following discovery plan, if necessary:

**Plaintiff**:

- Each party be limited to depositions of the named parties in the original complaint and any proffered experts, each of no more than 7 hours duration, and 25 interrogatories;
- Each party should be limited to 25 requests for admission; and
- Discovery should not be completed in phases.

**Defendants and Intervenors**:

- Each party be limited to 10 depositions, each of no more than 7 hours duration, and 25 interrogatories;
- Each party should be limited to 25 requests for admission; and
- Discovery should not be completed in phases.

8. **Motions:** The parties anticipate that all dispositive motions, if applicable, will be filed no later than thirty-days after the close of discovery set forth above. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. **Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: none.

10. **Length of Trial:** Counsel estimate the trial will last approximately 5 days, total, allocated as follows: 2 days for Plaintiff's case, 2 days for Defendants' case, and 1 day for all Intervenors' cases.

11. **Prospects of Settlement:** Defendants do not believe that Plaintiff has standing to bring this suit and have filed a motion to dismiss. Accordingly, no settlement is forthcoming.

12. **Electronic Document Filing System:** Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

13. **Other:** None.

Dated: October 20, 2020                     Respectfully submitted,

*/s/ Cameron T. Norris*
William S. Consovoy
Cameron T. Norris
Tiffany H. Bates
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

Jason Torchinsky
HOLTZMAN VOGEL
JOSEFIAK TORCHINSKY PLLC
45 North Hill Drive, Ste. 100
Warrenton, VA 20186
(540) 341-8800

*Counsel for Plaintiff*

*/s/ George B. Donnini*
George B. Donnini (P66793)
David F. DuMouchel (P25658)
BUTZEL LONG
41000 Woodward Avenue
Stoneridge West Bldg.
Bloomfield Hills, MI 48304
(313) 225-7004
donnini@butzel.com
dumouchd@butzel.com

Myrna Pérez (N.Y. Bar No. 4874095)*
Maximillian L. Feldman (N.Y. Bar No. 5237276)*
Eliza Sweren-Becker (N.Y. Bar No. 5424403)*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
perezm@brennan.law.nyu.edu
feldmanm@brennan.law.nyu.edu

*/s/ Elizabeth Husa Briggs*
Elizabeth Husa Briggs (P73907)
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
PO Box 30736
Lansing, Michigan 48909
517.335.7659

*Counsel for State Defendants*

*/s/ Sarah S. Prescott*
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 E. Main Street
Northville, MI 48168
Telephone: (248) 679-8711
prescott@sppplaw.com

Marc E. Elias
Emily R. Brailey
John M. Geise
PERKINS COIE LLP
700 13th Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (201) 654-6211
melias@perkinscoie.com
ebrailey@perkinscoie.com
jgeise@perkinscoie.com
tbishop@perkinscoie.com

Kevin J. Hamilton
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
khamilton@perkinscoie.com

*Counsel for Rise, Inc. & A. Philip Randolph Inst. Detroit/Downriver*

sweren-beckere@brennan.law.nyu.edu

Robert A. Atkins (N.Y. Bar No. 2210771)
William B. Michael (N.Y. Bar No. 4296356)
Farrah R. Berse (N.Y. Bar No. 4129706)
Joshua D. Kaye (N.Y. Bar No. 4577219)
Sabrina A. Baum (N.Y. Bar No. 5496237)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
ratkins@paulweiss.com
wmichael@paulweiss.com
fberse@paulweiss.com
jkaye@paulweiss.com
sbaum@paulweiss.com

*Counsel for League of Women Voters Defendant-Intervenors*

\* Application for admission pending

## CERTIFICATE OF SERVICE

I filed this joint status report with the Court via ECF, which will notify all counsel of record.

Dated: October 20, 2020         */s/ Cameron T. Norris*
                                                   Counsel for Plaintiff